ButIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RONALD O. LATRAY,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE MEES and RODNEY SOUZA<br><br>Defendants. | CV 15-00135-BLG-SPW-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Ronald Latray's Motion to Proceed in Forma Pauperis and proposed Complaint. *ECF 1, 2.* The motion to proceed in forma pauperis will be granted. But because the Defendants are entitled to immunity, the Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Latray submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the forma pauperis status will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Latray must pay the statutory $350.00 filing fee. Latray has insufficient funds to pay an initial partial

1

filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Latray will be directed to forward payments from Latray's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Parties

Latray is a prisoner proceeding pro se. He is incarcerated at the Yellowstone County Detention Facility in Billings, Montana. The named defendants are Yellowstone County Deputy Attorney Julie Mees and Yellowstone County District Court Judge Rodney Souza.

### B. Allegations

Latray alleges Mees violated his constitutional rights when she brought unsupported criminal charges against him. He alleges Judge Souza was made aware of this "fraud" and conspired to conceal the misconduct. *Cmplt., (ECF 1 at 6)*.

## III. PRESCREENING

### A. Standard

Latray is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, the court may allow amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). But the court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127.

3

## B. Analysis

### 1. Judicial Immunity

Judge Souza is entitled to judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judge Souza's rulings in Latray's criminal proceedings are "unquestionably [ ] judicial acts." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge Souza is entitled to judicial immunity from suit.

### 2. Prosecutorial Immunity

Ms. Mees is entitled to prosecutorial immunity. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the

4

prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *See Broam v. Bogan*, 320 F.3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Ms. Mees's conduct in bringing criminal charges against and prosecuting Latray is intimately associated with the judicial phase of the criminal process. Ms. Mees is entitled to prosecutorial immunity.

**IV. CONCLUSION**

Defendants Mees and Souza are entitled to absolute immunity. These are not defects which could be cured by amendment. Accordingly, the Court issues the following:

**ORDER**

1. Latray's Motion to Proceed in Forma Pauperis (*ECF 1*) is GRANTED. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on December 21, 2015.

3. At all times during the pendency of this action, Latray must

immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The documents of record make plain that the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Latray may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of January, 2016.

<i>/s/ Carolyn S. Ostby</i><br>
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.